IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                         |   |                          |
|-------------------------|---|--------------------------|
| UNITED STATES OF AMERICA | : |                          |
|                         | : |                          |
| v.                      | : | Criminal No. DKC 20-0442 |
|                         | : |                          |
| RAYMOND DRUMGOOLE       | : |                          |
|                         | : |                          |

**MEMORANDUM OPINION**

On December 16, 2020, Magistrate Judge J. Mark Coulson ordered Raymond Drumgoole detained after holding a detention hearing. (ECF Nos. 18 and 19). Defendant filed the pending motion for review of that order. (ECF No. 22). The court directed the parties to file whatever information each wished the court to review because, while *de novo* determination is required, a hearing is not. (ECF No. 23), citing *United States v. Martin*, 2020 WL 1274857 (D.Md. March 17, 2020). Both parties filed supplemental materials. (ECF Nos. 25, 27, 29, and 31).[1] Based on a *de novo* review of the written material and after listening to the recording of the detention hearing held on December 16, 2020, the court concludes that detention is warranted, in that, based on clear and convincing evidence, there

---

[1] The motions to seal (ECF Nos. 28 and 30) are GRANTED. The personal information contained in the submissions should remain confidential except as recited herein. The Government's motion to seal, itself filed under seal, will be unsealed. (ECF No. 30). There is nothing in that motion that justifies sealing the motion.

are no conditions or combination of conditions that will reasonably assure the safety of the community.

Pursuant to 18 U.S.C. § 3142(g), the court considers information concerning four factors:  the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person (including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol use, criminal history, record concerning appearance at court proceedings, whether the person was on probation or other form of release at the time of the current arrest), and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Mr. Drumgoole argues both that the magistrate judge erred in the ultimate conclusion based on the information presented, but also that the COVID-19 public health emergency and his own medical condition justify setting conditions of release.

Mr. Drumgoole is currently charged by Indictment with possession with intent to distribute fentanyl.  The government proffers that, once analysis of firearms and powder is completed, it intends to seek a superseding indictment charging him with additional drug offenses carrying a mandatory minimum of 10-years in prison, being a felon in possession of a firearm, and possession

of a firearm in furtherance of drug trafficking crimes.  If that happens, Mr. Drumgoole will be facing additional mandatory sentences.  The evidence arises from encounters in the fall of 2020 between Mr. Drumgoole and two confidential informants during which the government claims the Defendant said he "ran the area" of an open-air drug market and could get any type of controlled substance, showed a firearm and cash, and provided a telephone number for the purchase of drugs.  He also purportedly sold packets and glass vials of fentanyl, two grams of heroin, and agreed to sell 3 kilograms of cocaine.  When arrested in his vehicle, Mr. Drumgoole had 600 grams of powder (still being analyzed, but presumptively fentanyl), $2,410 in US Currency, and four firearms, including a "ghost" gun and an AK-style firearm.

Mr. Drumgoole proposes to live with his significant other[2] in Baltimore City, and is willing to submit to strict home confinement with electronic monitoring.

Like the magistrate judge, the court finds that risk of non-appearance is low, and that conditions of release could be fashioned to mitigate that risk.  On the other hand, the court agrees that the danger release would pose to the community is significant and cannot be managed by release conditions.

---

[2] Contrary to counsel's representation, the pretrial services officer did not find her suitable (or unsuitable), but merely recited the facts of the investigation.

Challenges to the "reliability" of a confidential informant do not diminish the force of controlled transactions that are observed by law enforcement, and the evidence found at the time of the arrest speaks for itself.  Possession of such a significant amount of controlled substances in a vehicle controlled by a person with multiple loaded firearms, including an assault rifle, present a serious danger to the community.  Mr. Drumgoole's criminal history, with multiple convictions for possession and distribution of drugs and possession of firearms (even accepting the challenge to one of the prior convictions), augmented by his lack of success while under supervision (including the instant charges while on probation) and his drug use, render his promise to adhere to conditions of release and remain law abiding illusory.

    Despite the magistrate judge's invitation to revisit release if conditions at CDF concerning COVID-19 deteriorated, Mr. Drumgoole chose to seek review rather than reconsideration.  He reports that he has now tested positive for COVID, is experiencing symptoms, and criticizes the quality of medical care at CDF.  The Government acknowledges that the numbers of positive cases at CDF have increased substantially, but contends that more than adequate medical care is available.  Moreover, the Government questions the suitability of the release plan and the wisdom of releasing someone who is COVID positive into the community.

Section 3142(i) provides a distinct statutory basis for pretrial release. Under that section, the court may "permit the temporary release of [a] person" to "the custody of a United States marshal or another appropriate person," if the court determines that pretrial release is "necessary . . . for another compelling reason." The defendant bears the burden of establishing circumstances warranting temporary release. *United States v. Lee*, 2020 WL 1974881 (D.Md. April 24, 2020)(citing the Fourth Circuit's order in *United States v. Creek*, CCB 19-036, ECF No. 402.) Under that directive, the court is to consider the risk that the virus poses to a defendant, given his medical conditions and the current situation at the facility where he is being held, and whether that risk, balanced against the other factors, rises to a level of a compelling reason for temporary release. The risk to his health does not offset the very serious risk of danger to the community that would be posed by his release. The state authorities responsible for the detention facility are certainly aware of the current COVID situation and are taking steps to address it. Therefore, temporary release under § 3142(i) is denied.

For the foregoing reasons, based on a *de novo* review, the detention order is CONFIRMED. A separate order will follow.

                                                           /s/

                                               DEBORAH K. CHASANOW
                                               United States District Judge