IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

    v.

RAYMOND DRUMGOOLE

    :
    :
    :   Criminal No. DKC 20-442
    :
    :

**MEMORANDUM OPINION**

Raymond Drumgoole has moved to waive counsel and to represent himself.  Based on the entire record, as outlined below, the request is denied at this time.

## I.  Background

Raymond Drumgoole, initially charged by complaint, was arrested on December 4, 2020.  (ECF No. 1).  He had an initial appearance and was temporarily detained.  A single count indictment was returned on December 9, 2020, charging possession with intent to distribute controlled substances.  (ECF No. 13).  A detention hearing was held, virtually, on December 16, and he was ordered detained.  (ECF No. 19).  An attorney was appointed to represent him.  (ECF No. 21).  That attorney filed a motion for review of detention order.  (ECF No. 22).  After supplementation by both parties, the court confirmed the detention order in a written decision.  (ECF No. 33).  Shortly thereafter, counsel moved to withdraw due to a strained relationship between counsel and the

defendant.  (ECF No. 35).  The motion was granted and new Criminal Justice Act ("CJA") counsel was appointed.  (ECF No. 38).  Retained counsel then entered an appearance and again moved for review of detention order.  (ECF Nos. 42; 43).  Representation by appointed counsel was terminated.  (ECF No. 45).  The motion for reconsideration of the detention order was denied.  (ECF No. 54).

The court then began to get a series of handwritten motions directly from the defendant, including an "Omnibus Motion," (ECF No. 55).  An attorney inquiry (virtually, and under seal) was held before Magistrate Judge Copperthite, (ECF No. 58), resulting in the termination of representation by retained counsel and the reappointment of prior CJA counsel, (ECF No. 61).  The court has read a transcript of that proceeding.  Judge Copperthite had difficulty discussing things rationally with Mr. Drumgoole, who interrupted at times and had to be told not to speak.  Retained counsel reported that Mr. Drumgoole at times refused to answer questions and would become non-responsive and non-communicative.  At that hearing, Mr. Drumgoole did indicate a wish to represent himself, but Judge Copperthite decided to relieve retained counsel and reappoint CJA counsel to see if Mr. Drumgoole wanted to cooperate with counsel.

The CJA attorney who re-entered the case became so concerned over Mr. Drumgoole's refusal to discuss the criminal charges that he filed a motion for a competency evaluation.  (ECF No. 65

2

(sealed)).  The motion was granted, (ECF No. 67), and Mr. Drumgoole travelled to the Metropolitan Correctional Center in New York for the evaluation.  The professionals who evaluated Mr. Drumgoole reported that he refused to cooperate with the evaluation, but nevertheless they concluded that he did not present with a mental disease or defect and was competent to stand trial.  In their report, they note that "Mr. Drumgoole is implementing a strategy . . . by firing and refusing to acknowledge counsel."

Before the court could convene a hearing on his competency, the Grand Jury returned a superseding indictment, adding a quantity allegation to the possession with intent to distribute charge, and including two additional charges, possession of a firearm by a prohibited person, and possession of a firearm in furtherance of a drug trafficking crime.  (ECF No. 83).  When the court convened a hearing to make the competency determination and conduct an arraignment on the superseding indictment, (ECF No. 107), Mr. Drumgoole was not in the courtroom and counsel reported that Mr. Drumgoole had refused to speak with him in the Marshal's holding area, and was lying on a cot in a fetal position.  The court asked the Marshal to bring Mr. Drumgoole to the courtroom.  Once all were present, the proceeding began.  First, the court ascertained that no hearing was necessary on the competency issue.

The court then announced that an arraignment on the superseding indictment would be conducted.  When asked if he had

a copy of the superseding indictment, Mr. Drumgoole insisted that he "had multiple corrections that need to be made for the record before we proceed forward."   He was told that the court would first proceed with the arraignment and could then hear his concerns.  He appeared to listen, but when asked direct questions, he reverted to his mantra that there were things he needed to state on the record before anything could continue.  He continued to contend that it was his right to have his wishes granted.

While outwardly complying with protocol a few times, and insisting that he wasn't being disruptive or disrespectful, Mr. Drumgoole essentially prevented the court from conducting proceedings.  He declined, on several occasions, to enter a plea, but then objected when the court directed the clerk to enter a not guilty plea.  He seemed to think that representing himself would result in the grant of an "appearance bond" so he could "operate in my official capacity" and be released from detention.  He expressed a wish to represent himself and contended that he had never accepted or agreed to representation by the lawyers appointed in this case.  The court attempted to engage him in a colloquy to determine whether he was knowingly and voluntarily seeking to waive counsel.  He answered some questions, but often veered into his repeated assertion that he had not signed any legal document or power of attorney giving any appointed attorney any authority.  He said that "uniform commercial code do matter with inside these

4

proceedings.   And business law and contract law do matter with inside these proceedings."

## II.  Analysis

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to counsel.  As explained in *Faretta v. California*, 422 U.S. 806, 832-35 (1975), the Sixth Amendment also provides a right to self-representation.  That right to self-representation is not, however, "absolute."  *Indiana v. Edwards,* 554 U.S. 164, 171 (2008) (citations omitted).

> The right of self-representation exists "to affirm the dignity and autonomy of the accused and to allow the presentation of what may, at least occasionally, be the accused's best possible defense." [*McKaskle v.*] *Wiggins*, 465 U.S. [168, 176-77 (1984)]; *cf. Martinez* [*v. Court of Appeal of Cal.*, 528 U.S. 152, 120 S.Ct. 684, 689 (2000)] (noting that with the increased availability of competent counsel, the historical reasons for recognizing the right "do not have the same force").  The right does not exist, however, to be used as a tactic for delay, *see* [*United States v.*] *Lawrence*, 605 F.2d [1321, 1324-25 (4th Cir. 1979)]; for disruption, see *Faretta*, 422 U.S. at 834 n.46, 95 S.Ct. 2525; for distortion of the system, *see* [*United States v.*] *Singleton,* 107 F.3d [1091, 1102 (4th Cir. 1997)]; or for manipulation of the trial process, *see Lawrence*, 605 F.2d at 1325.  A trial court must be permitted to distinguish between a manipulative effort to present particular arguments and a sincere desire to dispense with the benefits of counsel.

*United States v. Frazier-El*, 204 F.3d 553, 560 (4th Cir. 2000). As recognized by another trial judge:

[A] "trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct" because the "right of self-representation is not a license to abuse the dignity of the courtroom." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975); *see Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000) (explaining that a trial judge may "terminate self-representation . . . even over the defendant's objection-if necessary" and that "the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer"); *see also Frazier-El*, 204 F.3d at 559 (holding that when a defendant "manipulate[s] the mutual exclusivity of the rights to counsel and self-representation" the court "must ascribe a 'constitutional primacy' to the right to counsel because this right serves both the individual and collective good, as opposed to only the individual interests served by protecting the right of self-representation" (quoting *United States v. Singleton*, 107 F .3d 1091, 1102 (4ᵗʰ Cir.1997))).

*Metaphyzic El-Ectromagnetic Supreme-El v. Dir., Dep't of Corr.*, No. 14-cv-0052, 2015 WL 1138246, at *11 (E.D.Va. Mar. 3, 2015).

Mr. Drumgoole demonstrated at the hearing on July 27 that he will not cease repeating his mantra or follow the court's directions concerning appropriate procedures. He was repeatedly advised that the arraignment needed to be completed before the court would hear his other concerns.

Thus, at present, the court will deny Mr. Drumgoole's request to waive counsel and represent himself. This decision can be revisited if Mr. Drumgoole indicates to the court that he

understands that he cannot disrupt—or even delay—the proceedings if he is dissatisfied with the court's ruling in some manner and that he cannot keep repeating the same arguments.  If he is ever permitted to waive counsel, he needs to understand the inherent limitations he will face and that he should be willing to accept the assistance of stand-by counsel.

Despite this ruling, the court has reviewed Mr. Drumgoole's *pro se* filings.  The "Omnibus Motion", (ECF No. 55), contains a Motion to Waive Counsel, citing to the Maryland rules; a Motion to Dismiss generally for lack of jurisdiction, "and other [federal] and constitu[tional] violations"; a Motion for Speedy Trial; a Motion for Preliminary Arraignment Hearing; a Motion for Discovery; a Motion to Suppress all evidence and documents; a Motion to be Presence (again including citation in part to an inapplicable Maryland rule); a Motion to Suppress Identification; a Motion for a Probable Cause hearing/Franks hearing; a Motion to Dismiss for Violation of Speedy Trial; a Motion to Request for the Testimony in front of Grand Jury; and a Motion for Request for the minutes.

Mr. Drumgoole also filed a Motion for Re-Open Detention Order pursuant to 18 U.S.C. § 3142(c)(f) in July 2021.  (ECF No. 68). He bases that request on the absence of the anticipated superseding indictment and changed circumstances due to COVID.  A few days later, he filed a Motion to Waive/Stricken Counsel (ECF No. 69),

citing to a Maryland rule and stating that he never gave appointed
counsel the power of attorney.  Another Motion to Waive Counsel
was filed in November 2021, (ECF No. 75), as well as a Motion for
Prompt Disposition and issuing orders, (ECF No. 76).  (Mr.
Drumgoole was in New York at the time.)  More recently, he filed
a Motion to Dismiss for Ineffective Assistance of Counsel, (ECF
No. 104), which begins, "Now comes Raymond Drumgoole Authorized
Representative, trustee, sui Juris, composo mentis, pro se, pro
per . . ."  He seeks dismissal and release.[1]

The court attempted to conduct a hearing on Mr. Drumgoole's
expressed desire to waive counsel.  He seems to think his right to
self-representation is absolute, but, as described above, it is
not.  Some of his other motions are boilerplate recitation of
either applicable federal rules of criminal procedure or
inapplicable Maryland rules of procedure.  To the extent that Mr.
Drumgoole was represented by counsel at the time he filed those
motions, they will not be further considered and are denied without

---

[1] Mr. Molina is directed to consult with Mr. Drumgoole
regarding the specific items he included in this motion as to
actions he wishes counsel to undertake.  Mr. Drumgoole would be
well-advised to discuss these issues calmly with counsel with an
eye to having any well-founded matters brought to the attention of
the court.  Given the history of dissatisfaction with counsel, and
the fact that three separate CJA counsel and one retained counsel
have already tried to counsel Mr. Drumgoole, the court is reluctant
simply to refer the matter to a magistrate judge for another
attorney inquiry without giving Mr. Drumgoole and Mr. Molina more
time to try to sort things out.

prejudice to renewal if and when appropriate.  The motion to reopen detention, again not filed by counsel, is also denied.  The superseding indictment has been filed, and the health-related considerations were considered earlier and have not substantially changed.

Accordingly, Mr. Drumgoole's request to represent himself IS DENIED, as are the other *pro se* motions.  Counsel are directed to contact chambers to set an appropriate schedule.  A separate order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
