IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND DRUMGOOLE             :
    Petitioner                :

    v.                        :   Criminal No. DKC 20-442
                             Civil Action No. DKC 23-1923
                              :

UNITED STATES OF AMERICA       :
    Respondent                :

**MEMORANDUM and ORDER**

Petitioner Raymond Drumgoole filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence on July 12, 2023. ECF No. 152.  Petitioner seeks to challenge his conviction of possession of a firearm and ammunition by a prohibited person. *Id.*  Petitioner was sentenced on April 14, 2023, and a notice of appeal was filed on April 25, 2023.  ECF Nos. 138, 141.  The appeal is still pending with the U.S. Court of Appeals for the Fourth Circuit.

Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending.  *See* Rules governing § 2255 proceedings, Rule 5, advisory committee note; *see also United States v. Gordon*, 634 F.2d 638, 638–39 (1st Cir. 1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970); *Womack v. United States*, 395 F.2d 630, 631 (D.C.

Cir. 1968); *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965).
Courts have found extraordinary circumstances in the following
situations: (1) when a conflict exists between "state and federal
authorities on a question of law involving concerns of large
importance affecting their respective jurisdictions," *Bowen v.
Johnston*, 306 U.S. 19, 27 (1939); (2) when the Government is unable
to support critical factual representations it has made on the
record, *see United States v. Taylor*, 648 F.2d 565, 572 (9th Cir.
1981); and/or (3) when ineffective assistance of counsel can only
be placed by way of a § 2255 motion because the ineffectiveness is
discovered during the pendency of the appeal, after the time for
the new trial has lapsed, *see United States v. Tindle*, 522 F.2d
689, 692–93 (D.C. Cir. 1975).

Petitioner's claim is not an extraordinary circumstance that
warrants consideration during the pendency of Petitioner's appeal
and thus the Motion to Vacate will be dismissed without prejudice
and the associated motion to proceed *in forma pauperis* will be
denied as moot.

Pursuant to Rule 11(a) of the Rules Governing Proceedings
under 28 U.S.C. § 2255, the court is also required to issue or
deny a certificate of appealability when it enters a final order
adverse to the applicant.  A certificate of appealability is a

"jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). Upon review of the record, the court finds that Petitioner does not satisfy the above standard.

Accordingly, it is this 22nd day of September, 2023, by the United States District Court for the District of Maryland, hereby ORDERED, that:

1.    Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 152) BE, and the same hereby IS, DISMISSED;

2.    Petitioner's motion to proceed *in forma pauperis* (ECF No. 153) BE, and the same hereby IS, DENIED as moot;

3.    The court DECLINES to issue a certificate of appealability; and

4.    The Clerk IS DIRECTED to edit the docket to reflect Petitioner's current address, mail a copy of this Order to Petitioner, transmit a copy to counsel of record, and CLOSE Civil Action No. DKC 19-1923.

                                                 /s/

                                         DEBORAH K. CHASANOW
                                         United States District Judge